UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANEL M. WHITBECK, | ) |
| | ) CASE NO. C15-1949RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION TO DISMISS |
| MICHELE JAMES, DFO, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.      INTRODUCTION

This matter comes before the Court on Defendants Michele James, Patricia Hinchey, Gregory Alvarez, Tyler Morgan, and Charles Cunningham's Motion to Dismiss pursuant to Rules 12(b)(1), (5), and (6). Dkt. #19. Plaintiff Janel Whitbeck opposes this Motion. Dkt. #21. For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses all remaining claims in this action.

## II.      BACKGROUND

Ms. Whitbeck was employed as an Agriculture Specialist by United States Customs and Border Protection ("CBP"), a component agency of the United States Department of Homeland Security ("DHS") from approximately June 2009 until February 2011. Dkt. #3 at 6. On February 18, 2011, she was terminated from her position while serving in her probationary

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

period. *Id*. at 9. Specifically, the Agency decided to terminate Plaintiff's employment because of her excessive internet use in violation of CBP policy. *Id*. In her complaint, Plaintiff generally alleges that male CBP employees working at the same time were given the opportunity to resign rather than being terminated, were not disciplined in the same way she was for the same behavior, and/or were converted to career positions after their probationary periods ended. *Id*. at 4-5. After her termination, Ms. Whitbeck filed an administrative employment discrimination complaint against DHS. *Id*. at 9. DHS investigated Plaintiff's complaint, she requested a hearing, Administrative Judge Gaffin issued a decision without a hearing finding no discrimination, DHS implemented the decision, and Plaintiff appealed DHS's decision to the EEOC. The EEOC issued a decision on appeal affirming the no discrimination finding. *Id*.

Ms. Whitbeck alleges that she received a "Notice of Right to Sue Letter" from the EEOC on November 19, 2015, Dkt. #3 at 2, and she attaches this letter to her Complaint. As explained by the letter, Plaintiff had "the right to file a civil action in the appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." *Id*. at 9. In addition, the letter informed Ms. Whitbeck:

> If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. 'Agency' or 'department' means the national organization, and not the local office, facility or department in which you work.

*Id*.

Disregarding this instruction, on December 14, 2015, Ms. Whitbeck filed suit against the individual Defendants as well as the EEOC Administrative Judge, but not against the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

official Agency head or department head. Dkt. #3 at 1. Plaintiff brought this suit pursuant to Title VII, 5 C.F.R. § 315.085, various criminal statutes, and the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution. *See id.* at 4.

On February 8, 2016, Ms. Whitbeck filed an application for court-appointed counsel, which was denied on March 2, 2016. Dkts. #5 and #6. Shortly thereafter, counsel for the EEOC filed a notice of appearance on behalf of EEOC Administrative Judge Steven Gaffin on March 7, 2016, and filed a motion to dismiss on his behalf on March 17, 2016. Dkts. #6 and #8. The Court ultimately granted Judge Gaffin's motion to dismiss. Dkt. #11.

While the other Defendants named in this case awaited service, Ms. Whitbeck filed additional actions with this Court, yet continued to fail to effect service on any named party. Specifically, on June 6, 2016, Ms. Whitbeck filed a lawsuit against DHS and CBP, based on the same underlying facts and circumstances. *See Whitbeck v Dep't. of Homeland Security, et al.*, No. 16-CV-0877-JLR. On two separate occasions, Judge Robart directed Ms. Whitbeck to re-file her complaint to cure deficiencies. Notwithstanding these instructions, Ms. Whitbeck failed to cure the noted deficiencies and Judge Robart dismissed the case for lack of service of process in December of 2016. *See id.* at Dkts. #7, #9, and #12. Meanwhile, on October 7, 2016, Plaintiff filed yet another complaint against DHS and CBP. *Whitbeck v. DHS/CBP OPR-PSD represented by Y. Murray*, No. 16-cv-01564-JCC. Judge Coughenour dismissed that complaint as frivolous on October 12, 2016. *Id*. at Dkt. #6.

While Ms. Whitbeck has personally served Michele James, Tyler Morgan, and Charles Cunningham, Defendants allege she has not completed service on those individuals pursuant to Rule 4(i). Dkt. #219 at 8. Defendants allege that Greg Alvarez and Pat Hinchey have never been served with anything, and that Ms. Whitbeck has never served the Attorney General, the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

relevant agency, or the U.S. Attorney's Office in order to complete service on any party, as required under Rule 4(i).  *Id.* at 8-9.

### III.  DISCUSSION

A. Legal Standard

A motion for insufficient service of process may be brought under Rule 12(b)(5).  In serving employees of the United States in either their official or individual capacities, the Plaintiff must first serve the United States pursuant to Rule 4(i)(1) by sending the appropriate paperwork to the United States Attorney's Office, the Attorney General, and the relevant agency, as well as either sending a copy to the individual employee (for official capacity suits), or serving the employee under Rules 4(e), (f), or (g) (for individual capacity suits).  *See* Fed. R. Civ. P. 4(i).  Rule 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

B. Defendants' Motion

In addition to challenging Ms. Whitbeck's claims under Rule 12(b)(6) and 12(b)(1), Defendants highlight several procedural problems with Plaintiff's lawsuit:

> First, with regard to Plaintiff's purported wrongful termination claim, Plaintiff cannot state such a claim against the named Defendants, as only the head of an agency is the proper defendant in an employment discrimination case against the federal government. Further, to the extent Plaintiff's Complaint is interpreted as bringing any other Title VII claims in addition to her wrongful termination claim, those claims should be dismissed as Plaintiff has not exhausted her administrative remedies with regard to those claims. Plaintiff's remaining claims under Constitutional Amendments 5, 6, 8, and 14, 5 C.F.R. § 315.805, and various

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

>criminal statutes should all be dismissed as a matter of law pursuant to Rule 12(b)(6). Finally, Plaintiff has never appropriately served the Defendants in accordance with Federal Rule of Civil Procedure 4(i), and therefore dismissal under Rule 12(b)(5) is appropriate as well.

Dkt. #19 at 2.

Of biggest concern to the Court are Ms. Whitbeck's alleged failure to properly serve Defendants and her failure to name the head of the agency where she worked. Unless Ms. Whitbeck brings suit against the right defendants and properly serves those defendants, her lawsuit cannot proceed. *See* Fed. R. Civ. P. 4(i) and (m); 42 U.S.C. § 2000e-16(c) (the only proper defendant in a Title VII action is "the head of the department, agency or unit" in which the alleged discriminatory acts occurred). Defendants argue that Ms. Whitbeck should be aware of these requirements given the dismissal of her case before Judge Robart for failure to properly serve under these rules. Dkt. #19 at 9-10 (citing *Whitbeck v Dep't. of Homeland Security, et al.*, No. 16-CV-0877-JLR, Dkt. #12). Defendants argue that because 90 days have passed since the filing of the Complaint without service having been effected this case should be dismissed without prejudice pursuant to Rule 4(m). *Id.* at 10.

In Response to Defendants' Motion, Ms. Whitbeck discusses the merits of her case, but fails to address her failure to properly serve Defendants or her failure to name the head of the agency as required by law and explained to her in the EEOC's letter attached to the Complaint by Ms. Whitbeck herself.

Because Ms. Whitbeck fails to state otherwise, the Court concludes that Defendants' allegations of failure to serve are true. Ms. Whitbeck offers no reason for her failure to serve that could constitute good cause. Given the record before the Court, the head of the agency where Ms. Whitbeck worked is the only proper defendant in this case. Given that Ms.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

Whitbeck has failed to properly serve Defendants under Rule 4(i) within 90 days, and failed to properly name the CBP or DHS as a defendant, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 4(i) and (m); 42 U.S.C. § 2000e-16(c). Given this, the Court need not address Defendants' arguments for dismissal under Rule 12(b)(1) or (6).

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #19) is GRANTED. All of Plaintiff's remaining claims are dismissed without prejudice.

2) This case is CLOSED.

DATED this 17 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6